IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERISERV FINANCIAL, INC., | : |
| Plaintiff, | : |
| | : Civ. A. No. 3:23-cv-117 |
| v. | : |
| JACK BABICH, | : |
| Defendant. | : |

**COMPLAINT**

Plaintiff AmeriServ Financial, Inc. brings this action against its former Senior Vice President for Human Resources, Jack Babich, for breach of his severance agreement for divulging confidential Company information, including sensitive and private personnel information about another former AmeriServ employee, which information was largely inaccurate, to AmeriServ shareholder Driver Opportunity Partners I, LP ("Driver") in connection with Driver's efforts to obtain Company books and records and wage a proxy solicitation contest against the Company for board of director seats. The confidential information unlawfully disclosed to Driver form, in part, the basis for Driver's claims in three related cases: *Driver Opportunity Partners I, LP v. AmeriServ Financial, Inc.*, No. 3:22-cv-00237-SLH (the "Books and Records Action"), *Driver Opportunity Partners I, LP v. Adams, et. al.*, No. 3:23-cv-00056-SLH (the "Annual Meeting Action"), and *AmeriServ Financial, Inc. v. Driver Opportunity Partner I, LP, et al.*, No. 3:23-cv-00067-SLH (the "Improperly Removed Action", together with the Books and Records Action and Annual Meeting Action, the "Driver Actions")

**PARTIES**

1. Plaintiff AmeriServ Financial, Inc. ("AmeriServ" or the "Company") is a Pennsylvania corporation with its principal place of business in Johnstown, Pennsylvania.

1

2. Defendant Jack Babich is an adult individual and Florida citizen.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 42 U.S.C. §1332(a) because the parties are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because AmeriServ's headquarters are located within this District, and a substantial portion of the transactions and acts and omissions that give rise to this action occurred in this District.

## FACTUAL ALLEGATION

5. Until December 31, 2020, Babich was Senior Vice President for Human Resources for AmeriServ.

6. On October 23, 2020, the Company and Babich executed an Agreement and General Release (the "Agreement") in connection with Babich's separation from the Company.

7. Under the Agreement, in exchange for the payment of certain salary and benefits, Babich unconditionally agreed to maintain the confidentiality of (1) the existence of the Agreement, (2) the terms of the Agreement, and (3) the Company's confidential information, which includes private personnel information to which Babich was privy solely as a result of his senior human resources role.

8. Babich also agreed he would not disparage the Company or its Board of Directors.

9. Between October 23, 2020 and December 31, 2021, the Company complied with its obligations under the Agreement.

10. AmeriServ now knows Babich has not complied with his obligations under the Agreement and lied to AmeriServ and its counsel to cover up his breach.

11. Worse, Babich breached the Agreement in order to assist Driver in taking disruptive and hostile actions against the Company.

### Driver Self-Serving Actions and Interference with the Agreement

12. According to its own public filings, Driver first purchased AmeriServ shares in August 2022, a mere three months before it began its tired campaign of board intimidation for the sole purpose of lining its pockets at the expense of the Company and the shareholders owning 92% of the outstanding shares of the Company.

13. Many of the tactics Driver has employed with AmeriServ – snarky communications to Company leadership complaining about financial performance and executive compensation, which information Driver was well aware of prior to its share purchase, demands for Company books and records, and demands for board seats – follow the same playbook Driver uses annually against selected community bank targets.

14. Here, however, Driver added a new tactic – conspire with a former AmeriServ employee to interfere with the Agreement in order to obtain confidential company information for its use in its disruptive and meritless campaign.

15. Driver used the unlawfully obtained confidential information to make a shareholder demand pursuant to 15 Pa. C.S. §1508 (the "Section 1508 Demand").

16. When the Company refused to provide the confidential personnel information Driver believed existed ***solely*** because of its unlawful interference with the Agreement and

3

whatever deal it struck with Babich to breach the Agreement, Driver invoked this Court's equity jurisdiction in the Driver Actions.

### The Company Investigation

17. The Company recognized immediately that the Section 1508 Demand was based on information unlawfully obtained from a Company insider with no right to disclose such confidential information and began an investigation

18. The investigation included interviewing the employee whose private information was disclosed and misrepresented and Mr. Babich.

19. The interview with the former employee whose information was unlawfully disclosed and misrepresented confirmed for the Company and its counsel that he was not the source of the unlawful disclosure to Driver.

20. During a March 8, 2023 call with Mr. Babich, his counsel, AmeriServ's Chief Executive Officer, Jeffrey Stopko, and Company counsel, Mr. Babich denied having ever spoken with Driver's manager, Abbott Cooper, or any other representative of Driver.

21. He also denied disclosing any confidential Company information including the Agreement to Cooper and Driver.

22. Instead, Babich deceptively attempted to deflect blame to a current AmeriServ executive.

23. AmeriServ learned Babich had lied and that its suspicion that Babich was the leak was true when, on March 29, 2023, Driver filed its Memorandum of Law in Support of Motion for Preliminary Injunction before this Court in the Annual Meeting Action. [Annual Meeting Action, ECF 4, p. 10].

24. Specifically, Driver admitted that Babich had "reported" to it the circumstances surrounding the termination of a "former senior officer" of the Company and the "extraordinarily generous severance package" for Babich.  [*Id*.].

25. Driver used the unlawfully obtained information to invoke the Court's equitable power in the Driver Actions to derail the Company's annual meeting by arguing it has been unfairly blocked from Company books and records that it only knew to ask for through the receipt of unlawfully obtained confidential information.

### Additional Evidence of Breach Disclosed by Driver

26. On April 28, 2023, in connection with a preliminary injunction hearing held in the Annual Meeting Action, Driver produced certain communications between Cooper and Babich.

27. The documents revealed that Babich reached out to Cooper via LinkedIn on January 23, 2023 introducing himself as "an executive at AmeriServ for 33 year[s] retiring on December 31, 2020" and requesting to "confidentially talk."

28. Cooper and Babich agreed to speak the following day, and text messages Driver produced confirmed they did.

29. The same text messages confirm Babich was aware of his confidentiality obligations to the Company and made Cooper aware of them also.

30. Babich then went even further and, at 8:30 p.m. on January 24, 2024, emailed Cooper a copy of the Agreement.

31. Babich spent the next two months communicating with Cooper by phone and text divulging confidential Company information and disparaging the Company's Directors in breach of the Agreement.

## COUNT I – BREACH OF CONTRACT

32. AmeriServ incorporates all prior paragraphs as if set forth fully herein.

33. The Agreement is a valid contract between Babich and the Company and prohibited Babich from divulging confidential Company information and disparaging the Company or its Directors.

34. Babich breached the Agreement by disclosing to Driver confidential Company information, including but not limited to the fact and terms of the Agreement and confidential personnel information about a former AmeriServ employee.

35. Babich further breached the Agreement by disparaging the Company's Directors by falsely implying that some or all of them covered up illegal activity.

36. Babich's breach caused damage to AmeriServ including but not limited to:

   (a) Severance payments consisting of salary and benefits;

   (b) Increased Company contributions to Babich's AmeriServ Financial Pension Plan account resulting from inclusion of an additional year of service at Babich's highest rate of pay and a lower discount rate due to the timing of the lump sum payment;

   (c) Fees and expenses and other damages associated with defending against the Driver Actions;

   (d) Any and all damage arising from the disclosure of the confidential information;

   (e) Any and all damages arising from the disparagement of the Company and the Directors; and

06/06/2023 SL1 1837360v2 007835.00095

   (f) Fees and expenses in connection with this litigation as contemplated by the prevailing party provision in the Agreement.

  WHEREFORE, AmeriServ Financial, Inc. requests that judgment be entered in its favor and against Jack Babich for amounts that exceed $500,000.00, attorneys' fees and costs, and such other relief the Court deems just.

              Respectfully submitted,

              **STEVENS & LEE, P.C.**

Dated:  June 6, 2023       */s/ Stacey A. Scrivani*
              Stacey A. Scrivani, Esq.
              Attorney I.D. No. 84275
              Jason Rudloff, Esq.
              Attorney I.D. No. 331263
              (*motion for pro hac vice admission forthcoming*)
              Christopher A. McDonald, Esq.
              Attorney I.D. No. 332760
              (*motion for pro hac vice admission forthcoming*)
              111 North Sixth Street
              Reading, PA 19601
              (610) 478-2086
              stacey.scrivani@stevenslee.com
              jason.rudloff@stevenslee.com
              christopher.mcdonald@stevenslee.com

              *Attorneys for Plaintiff AmeriServ Financial, Inc.*