IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMERISERV FINANCIAL, INC.,       )
                                 )
            Plaintiff,           )
                                 )
      vs.                        )        Civil Action No. 3:23-117
                                 )        Judge Stephanie L. Haines
JACK BABICH,                     )
                                 )
            Defendant.           )

**MEMORANDUM OPINION**

Plaintiff Ameriserv Financial, Inc. ("Ameriserv"), sues its former employee, Jack Babich ("Babich"), who, it claims, breached his severance agreement ("Agreement") when he divulged confidential company information to an Ameriserv shareholder, Driver Opportunity Partners I, L.P. ("Driver"). Ameriserv asserts that confidential information was given to Driver in connection with Driver's efforts to nominate potential board members for election to Ameriserv's Board and to support litigation lodged against Ameriserv.

On June 6, 2023, Ameriserv filed its Complaint (ECF No. 1), against Babich. Babich filed a Motion to Dismiss (ECF No. 18) and a supporting Brief (ECF No. 19). Ameriserv filed its Response (ECF No. 21). For the reasons below, the Motion to Dismiss will be denied.

**I. Factual Background**[1]

Babich served as the Senior Vice President for Human Resources for Ameriserv until he was let go on December 31, 2020 (ECF No. 1, ¶ 5). In anticipation of Babich's departure, Ameriserv and Babich executed an Agreement and General Release which provided for the payment of certain salary and benefits to Babich in exchange for his holding the existence and

---

[1] The facts derive from Ameriserv's Complaint (ECF No. 1) and are uncontested.

terms of the Agreement private, keeping Ameriserv's confidential information secret, and maintaining information Babich was privy to due to his role at Ameriserv sound (ECF No. 1, ¶¶ 6, 7). Babich also agreed he would not disparage Ameriserv (ECF No. 1, ¶ 8). Ameriserv complied with the provisions of the Agreement (ECF No. 1, ¶ 9) but asserts that Babich did not.

Plaintiff alleges Babich breached the Agreement and helped Driver take disruptive and hostile actions toward Ameriserv (ECF No. 1, ¶ 11). More specifically, Driver used confidential personnel information obtained from Babich to make a shareholder demand for the inspection of books and records pursuant to 15 Pa. C.S. § 1508 (ECF No. 1, ¶¶ 15, 16, 24, 26-31). Babich further breached the Agreement by disparaging Ameriserv and its directors (ECF No. 1, ¶ 35).

Ameriserv claims that Babich's breach harmed Ameriserv by way of the severance payments and benefits paid to Babich, by way of the fees and expenses associated with defending litigation, and by way of any and all damages resulting from the disclosures and company disparagement (ECF No. 1, ¶ 36).

## II.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining on whether the plaintiff will likely prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v.*

2

*Gibson*, 355 U.S. 41 (1957)).  In making this determination, the court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions.  *See Twombly*, 550 U.S. at 555.  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint.  *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the Court accept legal conclusions disguised as factual allegations.  *See Twombly*, 550 U.S. at 555.  *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss under Rule 12(b)(6), the court must generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *See Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

## III.   Discussion

Ameriserv's Complaint asserts Babich breached an Agreement with it by disclosing to Driver confidential information, including, but not limited to, the facts and terms of the Agreement, confidential personnel information about a former Ameriserv employee (ECF No. 1, ¶ 34), and by disparaging the company and its directors (ECF No. 1, ¶ 35). Babich moved to dismiss the claims stating that Ameriserv's allegations are vague and non-specific and that it failed to provide the necessary factual framework to make a plausible claim (ECF No. 19, p. 3).

### 1.   Existence of the Agreement.

Babich first argues that Ameriserv has not proven the existence of an Agreement between Babich and Ameriserv. Babich relies on the fact that Ameriserv did not attach a copy of the Agreement to its Complaint and further argues that no direct language is quoted from the Agreement (ECF No. 19, p. 4). In a contract claim, "[t]he burden is on the plaintiff to prove ... the existence of the contract to which the defendant is a party." *Dille Fam. Tr. v. Nowlan Fam. Tr.*, 276 F. Supp. 3d 412, 438 (E.D. Pa. 2017) (quoting *Viso v. Werner*, 369 A.2d 1185, 1187 (1977)). Ameriserv counters that there are sufficient factual allegations to establish the existence of the contract and its essential terms. The Court agrees.

"To satisfy the first element—the existence of a contract itself—a party must plead enough facts to demonstrate '(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration.'" *Abdul-Rahman v. Chase Home Fin. Co., LLC*, No. CIV.A. 13-5320, 2014 WL 3408564, at *2 (E.D. Pa. July 11, 2014) (quoting *ATACS Corp. v. Trans World Commc'ns, Inc.,* 155 F.3d 659, 666 (3d Cir.1998)). Here Ameriserv has sufficiently satisfied all three elements to establish the existence of the Agreement. First, Ameriserv provides that Babich was an employee of Ameriserv and that both parties agreed to a separation in December 2020. Ameriserv further states a consequence of the separation was a Separation Agreement executed by both parties. These facts asserted by Ameriserv are enough to demonstrate the parties' intent to be bound. Second, Ameriserv provided the specific terms that Babich was not to disclose confidential information of Ameriserv nor disparage it, or its directors. Third, the consideration for Babich's confidentiality was payment in salary and benefits. All three elements of a contract are alleged in the Complaint and that is enough to show the plausibility of the existence of the Separation Agreement between Babich and Ameriserv (ECF No. 1, ¶¶ 5-8). The argument that the Agreement needs to be attached and quoted is simply not true.

Ameriserv provides the Court with several determinative cases stating that the contract need not be attached (*See* ECF No. 21, p. 9) (It is well-established that a plaintiff in federal court is not required to attach the contract at issue to the complaint. *See, e.g, Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, No. CIV. A. 06-1812, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009) ("A plaintiff pleading a breach of contract in federal court does not need to attach the contract to the complaint."); *see also McPartland v. Chase Manhattan Bank USA, N.A.*, No. 1:22-CV-00284, 2022 WL 1810979, at *2 (M.D. Pa. June 2, 2022) (denying motion to dismiss in part giving no

credence to the contract at issue not being attached to the complaint). The pleading requirements are satisfied where the complaint "allege[s] facts sufficient to place defendant on notice of the contract claim in such a way that the defendant can reasonably respond." *Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, 2009 WL 1033601, at *3; *see also Pierce v. Montgomery County Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995).

In its determination, the Court also relies on the basic standard of law stated above: a complaint should be dismissed only if it fails to allege *enough facts to state a plausible claim to relief on its face* and the court *must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff*. Here, that threshold has been met and there is no requirement for original documents as support. The Court also takes note that Babich has not contested the facts as untrue, but instead only asserts that Ameriserv has not provided *proof*, which is unnecessary at this stage of litigation.

**2. Breach of the Agreement**.

Likewise, Babich asserts that Ameriserv has not sufficiently plead a breach of contract. To establish a *prima facie* case of breach of contract, a plaintiff must show "(1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). "Under Pennsylvania law, '[a] breach of contract action involves: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages.'" *Abdul-Rahman v. Chase Home Fin. Co., LLC*, No. CIV.A. 13-5320, 2014 WL 3408564, at *2 (E.D. Pa. July 11, 2014); *Burton v. Teleflex Inc.,* 707 F.3d 417, 431 (3d Cir.2013); *Braun v. Wal–Mart Stores, Inc.,* 24 A.3d 875, 896 (Pa.Super.Ct.2011).

This Court has already determined that the existence of an Agreement was sufficiently pleaded for a plausible claim. It is also the Courts determination that enough facts were provided to support a plausible claim of breach of that contract. These facts include that Babich was uniquely positioned to know the information leaked to Driver and that documents produced revealed that Babich was in communication with an executive of Driver in months timely to litigation waged against Ameriserv (ECF No. 1, ¶¶ 17, 26-31). This information provided in the Complaint is enough to find that it is possible that Babich breached the Agreement. As for the last two elements, Ameriserv states that it suffered damages including but not limited to the payments it made to Babich as consideration for his confidence, its litigation expenses, and damages resulting from the disclosures and disparaging remarks (ECF No. 1, ¶ 36). Finally, Ameriserv states, "Between October 23, 2020 and December 31, 2021, the Company complied with its obligations under the Agreement." (ECF No. 1, ¶ 9). All elements of a breach of contract have been established and as such dismissal at this stage is not appropriate.

As for Babich's other arguments that the information disclosed was not confidential, that Driver had a right to the information as a shareholder, and that the Agreement is against public policy to conceal a crime, such defenses do not go to the threshold determination of the plausibility of the claim and are premature at the motion to dismiss stage. The Court will not consider these arguments now.

## IV.      Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be DENIED.

An appropriate Order will be entered.

Dated: January 18, 2024

Stephanie L. Haines
United States District Court Judge