IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERISERV FINANCIAL, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 3:23-117 |
| | ) Judge Stephanie L. Haines |
| JACK BABICH, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The Court entertains a second Motion to Dismiss in this case. Plaintiff Ameriserv Financial, Inc. ("Ameriserv"), sued its former employee, Jack Babich ("Babich"), claiming he breached his severance agreement ("Agreement") when he divulged confidential company information to an Ameriserv shareholder, Driver Opportunity Partners I, L.P. ("Driver") (ECF No. 1). On February 1, 2024, Babich filed an Answer and Counterclaim to the Complaint (ECF No. 26). In his Answer Babich states that Ameriserv, in fact, breached the Agreement first and provides 20 affirmative defenses.

On February 26, 2024, Ameriserv moved to dismiss Babich's Counterclaim and to strike certain affirmative defenses (ECF Nos. 32, 29 (redacted brief), 30 (sealed brief)). Babich filed his opposition to the Motion to Dismiss (ECF Nos. 34, 35 (redacted copy), 36 (sealed copy)). Ameriserv filed a Reply (ECF No. 37). For the reasons below, the Motion to Dismiss Babich's Counterclaim and strike affirmative defenses will be granted in part and denied in part.

## I. Factual Background[1]

Babich served as the Senior Vice President for Human Resources for Ameriserv until he was let go on December 31, 2020. ECF No. 1, ¶ 5. In anticipation of Babich's departure, Ameriserv and Babich executed an Agreement and General Release. These agreements provided for the payment of certain salary and benefits to Babich in exchange for his holding the existence and terms of the Agreement private, keeping Ameriserv's confidential information secret, and maintaining information Babich was privy to due to his role at Ameriserv sound. ECF No. 1, ¶¶ 6, 7. Babich also agreed he would not disparage Ameriserv, ECF No. 1, ¶ 8. Ameriserv made the same promises to keep the Agreement confidential and to not disparage Babich. ECF No. 26, ¶ 80. Ameriserv also promised that Babich could address his team before leaving the company. Each party claims to have initially complied with the provisions of the Agreement but asserts that the other did not. ECF No. 1, ¶ 9; ECF No. 26, ¶¶ 81, 82.

Ameriserv alleges Babich breached the Agreement and helped Driver take disruptive and hostile actions toward Ameriserv. ECF No. 1, ¶ 11. More specifically, Driver used confidential personnel information obtained from Babich to make a shareholder demand for the inspection of books and records pursuant to 15 Pa. C.S. § 1508. ECF No. 1, ¶¶ 15, 16, 24, 26-31. Babich further breached the Agreement by disparaging Ameriserv and its directors. ECF No. 1, ¶ 35.

Babich claims Ameriserv breached the Agreement by not allowing him to address his team about his retirement, ECF No. 26, ¶ 83, by disclosing the terms of the Agreement, ECF No. 26, ¶¶ 86, 87, and by disparaging Babich in the surrounding community. ECF No. 26, ¶¶ 88-91.

---

[1] The facts derive from Ameriserv's Complaint (ECF No. 1) and Babich's Counterclaim (ECF No. 26).

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining on whether the plaintiff will likely prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss under Rule 12(b)(6), the court must generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *See Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

### III. Discussion

The matter now before the Court is Plaintiff Ameriserv's Motion to Dismiss Defendant Babich's Counterclaim for Breach of Contract and to strike certain affirmative defenses. Ameriserv asserts that Babich failed to state facts sufficient to satisfy each element of a breach of contract under 12(b)(6) and failed to meet the pleading standard under Federal Rule of Civil Procedure 8(a) with an improper damages claim. Rule 8a is as follows:

(a) **Claim for Relief.** A pleading that states a claim for relief must contain:

4

**(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8. In addition, Ameriserv challenges six of Babich's affirmative defenses and seeks to have them stricken. The Court will address each issue below.

### A. Failure to State a Claim Upon Which Relief can be Granted.

#### 1. Fails to Allege the Elements of a Breach

To establish a *prima facie* case of breach of contract, a plaintiff must show "(1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). "Under Pennsylvania law, '[a] breach of contract action involves: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages.'" *Abdul-Rahman v. Chase Home Fin. Co., LLC*, No. CIV.A. 13-5320, 2014 WL 3408564, at *2 (E.D. Pa. July 11, 2014) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 431 (3d Cir.2013) (quoting *Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa.Super.Ct.2011)). Ameriserv claims that Babich failed to provide facts that plausibly allege a breach of the Agreement by Ameriserv or recoverable damages. ECF No. 29, p. 4.

This Court previously determined that the existence of an Agreement was sufficiently pleaded for a plausible claim. Babich alleges that Ameriserv breached the contract by (1) not allowing him to address his team about his retirement, ECF No. 26, ¶ 83, (2) disclosing the terms of the Agreement, ECF No. 26, ¶¶ 86, 87, and (3) disparaging Babich in the surrounding community. ECF No. 26, ¶¶ 88-91.

5

Ameriserv states that under the Agreement, "Babich will be permitted to meet at his office on October 26, 2020, and announce his retirement to his staff and Employer. October 26, 2020, will be the last day that [Babich] will work physically at the office." ECF No. 29, p. 4. Babich says, "[O]n October 26, 2020, Babich was allowed into the bank office where he was immediately ushered into a back room to find his team waiting. Babich was only allowed a few minutes to speak to his team before being ushered out of the bank's offices permanently." ECF No. 26, ¶ 83. The Court finds that Ameriserv did not breach the Agreement as it applies to this set of facts. While the chain of events may not be what Babich envisioned, it satisfies the terms of the contract that Babich be able to address his team on his last day in the office.

As to Babich's allegations that Ameriserv disclosed the terms of the Agreement and disparaged him in the community, Babich states that Ameriserv disclosed terms of the separation Agreement to others within the company. He says several former co-workers contacted him to ask how they could get a "deal" as "good" as his. ECF No. 26, ¶ 86. It was confirmed by the President and CEO who conceded the information should not have been disclosed. ECF No. 20, ¶ 87. Babich also states Ameriserv disparaged him in violation of the Agreement because they blamed him for workplace issues and stated Babich had been terminated for poor performance. ECF No. 26, ¶¶ 89, 90. Babich said he heard from individuals inside and outside the company that they believed he was to blame for the company's longstanding issues and complaints. ECF No. 26, ¶ 91.

Ameriserv states that these allegations are vague and conclusory. ECF No. 29, p. 5. "Ameriserv is left to guess about what information was allegedly disclosed. To whom? By whom? In what form? When?" ECF No. 29, p. 5. The Court disagrees with Ameriserv on certain points. While some details are absent about the Agreement disclosure, the Court finds the allegations to

be sufficiently detailed for a plausible claim. It is apparent that details about Babich's bargained-for benefits of the Agreement were disclosed; it is not necessary to know exactly what was disclosed at this stage of litigation. That co-workers knew he benefitted from the Agreement and the officers conceded the leak are enough to make out a plausible claim of a breach.

However, Babich's assertion that he was disparaged is insufficient. His claim that Ameriserv stated he was terminated for poor job performance and failure to address workplace issues is an unsupported allegation. ECF No. 26, ¶¶ 89, 90. Simply because several individuals believed he was to blame for the company's failure to address longstanding human resources issues, ECF No. 26, ¶ 91, does not implicate the company for disparaging conduct. The Court does not find that Babich's claim of disparagement to be supportive of a breach of contract.

### 2. Fails to Plead Contract Damages

To state a claim for breach of contract, the complaint must plead damages. *See* Section A.1, *supra*. Babich's claim for damages is injury to his emotional health and wellbeing, and reputation. ECF No. 26, p. 22. Ameriserv retorts that a party cannot recover damages for emotional distress in a contract case. *See Rittenhouse Regency Affiliates v. Passen*, 482 A.2d 1042, 1043 (Pa. Super. 1984) ECF No. 29, p. 6. The only exception applicable would be if Plaintiff suffered a type of serious emotional disturbance that is a likely result of the alleged action. *See id.* Ameriserv asserts that Babich cannot argue that emotional distress is a particularly likely consequence in the event of a breach of contract here. Put simply, Ameriserv states that Babich has failed to plead any injury or loss.

Both Parties agree that the issue boils down to whether Babich suffered the type of serious emotional disturbance that is a likely result of the alleged contractual breach he suffered. *See id.*; *Kakule v. Progressive Cas. Ins. Co.*, No. CIV.A.06-4995, 2007 WL 1810667, at *7 (E.D. Pa. June

20, 2007).[2]  Above, the Court found that Babich had one plausible breach of contract claim that details of the Agreement were allegedly disclosed.  The Court does not find that this alleged contractual breach would likely cause the serious emotional disturbance allowable as damages in a contract case.  Therefore, Babich did not satisfy the necessary elements of a breach of contract for a plausible claim and as such the claim will be dismissed.

### B. Motion to Strike Affirmative Defenses

Courts have "considerable discretion" in deciding whether to grant a motion to strike.  Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As noted in *Brkovich v. Dynacom Indus., Inc.*:

> Under Rule 12(f), the standard for striking portions of a [pleading] 'is strict and ... only allegations that are so unrelated to the plaintiff['s] claims as to be unworthy of any consideration should be stricken.' *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.*, Civ. A. No. 03-2292, 2004 U.S. Dist. LEXIS 1988, *18 (E.D. Pa. 2004)).  Moreover, striking portions of a plaintiff's pleading is a 'drastic remedy[,]' which should be used only when justice requires it. *Johnson*, 334 F. Supp. 2d at 809 (quoting *United States v. Am. Elec. Power Serv. Corp.*, 218 F. Supp. 2d 931 (S.D. Ohio 2002)) (quotations omitted); *see also Dela Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (providing that while 'motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored'). Motions to strike are decided on the pleadings alone. [*See*] *Dela Cruz*, 521 F. Supp. 2d at 429 (citing *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 159 (E.D. Pa. 1994)).

Civ. A. 11-46, 2011 WL 7052128, at *1 (W.D. Pa. Nov. 10, 2011).  Affirmative defenses may also be stricken if they cannot withstand a Rule 12(b)(6) challenge. *See Directv Inc. v. Figler*, Civ.A. 04- 773, 2006 WL 318825, at *1 (W.D. Pa. Feb. 9, 2006).

---

[2] Babich cites *Brader v. Allegheny Gen. Hosp.*, 64 F.3d 869, 878 (3d Cir. 1995) for that proposition that damages are permitted for emotional damages in contract cases.  However, *Brader* focused on the nexus between the breach of contract and the damages suffered, not on whether emotional distress could be asserted as damages.

### 1. First and Fifth Affirmative Defenses (Public Policy)

> FIRST AFFIRMATIVE DEFENSE
> 39. Without limiting the foregoing, and as set forth at further length herein:
>     e. The confidentiality and non-disparagement provisions of the Agreement are unenforceable, void, and voidable and/or illegal to the extent AmeriServ contends that they operate to bar the disclosure of criminal or illegal conduct or other wrongdoing;
>
> FIFTH AFFIRMATIVE DEFENSE
> 47. The confidentiality and non-disparagement provisions contained in paragraphs 7 and 9 of the Agreement are unenforceable, void, voidable and/or illegal to the extent AmeriServ contends that they operate to bar the disclosure of criminal or illegal conduct or other wrongdoing committed by AmeriServ and its directors and/or officers.

ECF No. 26. Ameriserv contends that the Agreement does not prevent Babich from reporting alleged criminal conduct to law enforcement authorities and therefore, these affirmative defenses (or parts thereof), do not apply to this case. ECF No. 29, p. 10. The Agreement reads in pertinent part as follows:

> 7. Employee agrees not to disclose any information regarding the existence or substance of this Agreement and General Release, except to any attorney with whom Employee chooses to consult regarding his consideration of this Agreement and General Release, as well as any tax advisors and his immediate family. Employer also agrees to keep the terms of this Agreement confidential. **The Employee also agrees that he will not release any Confidential Information of the Employer. 'Confidential Information' means information that is commercially valuable to the Employer, and not generally known or readily ascertainable to persons or entitles outside of the Employer**...
>
> 9. Employer and Employee **each agree that neither will, as to the other, at any time, in any manner, directly or indirectly, make any disparaging or detrimental statements about the other to any person or entity, including but not limited to the Board of Directors of the Employer**, current and former employees of the Employer, current and former clients of the Employer, and competitors of the Employer.

(ECF No. 30-1, p. 3-4 (emphasis added)). This lawsuit is about Babich revealing confidential information of Ameriserv to a shareholder prohibited in the Agreement. Ameriserv states that such a disclosure was prohibited in the Agreement under sections seven and nine. The information

was purportedly disclosed by Babich to assist a shareholder in taking disruptive and hostile actions against Ameriserv.

Babich's first and fifth affirmative defenses would allow for the disclosure of information to the shareholder because Babich alleges he breached the agreement to reveal wrongdoing by the Directors.[3] Babich cites one case for support, "[W]hat matters is whether the confidentiality provisions would operate to shield evidence of wrongdoing; if so, those provisions are unenforceable." *Eddystone Rail Co., LLC v. Bridger Logistics, LLC*, No. 2:17-CV-00495-JDW, 2021 WL 4262317, at *2 (E.D. Pa. Sept. 20, 2021). However, Ameriserv rightly states that this proposition of law is not followed by any other cases in our jurisdiction. ECF No. 37, p. 7 fn 2. The Court agrees, and following precedent, the Court declines to find disclosure of wrongdoing as a potential affirmative defense for holding an agreement unenforceable and will strike the First and Fifth Affirmative Defenses.

### 2. Fifteenth and Sixteenth Affirmative Defenses are Waived

FIFTEENTH AFFIRMATIVE DEFENSE
70. To the extent that discovery may show or demonstrate, this Court lacks personal jurisdiction over Babich.

SIXTEENTH AFFIRMATIVE DEFENSE
71. To the extent that discovery may show or demonstrate, AmeriServ's choice of venue is improper, and Babich reserves the right to move for a change of venue in the future.

ECF No. 26. Ameriserv states that Babich did not raise these defenses in his Motion to Dismiss (ECF No. 18) and so they are waived. Babich agrees to withdraw these defenses and the Court will strike them accordingly.

### 3. Nineteenth and Twentieth Affirmative Defenses are Unsupported

NINTEENTH AFFIRMATIVE DEFENSE

---
[3] To the Court's knowledge Babich does not allege the Directors engaged in criminal activity.

74. To the extent that discovery may show or demonstrate, all or part of AmeriServ's claims which are the basis of this lawsuit are barred by doctrine of duress, fraud, unclean hands.

TWENTIETH AFFIRMATIVE DEFENSE
75. AmeriServ's claims are barred, in whole or in part, by an applicable statute of limitations, statute of repose, and/or by the doctrines of laches and estoppel.

ECF No. 26. Ameriserv contends that these affirmative defenses consist of general assertions that are speculative and untethered to the facts or litigation. ECF No. 29, p. 12. Ameriserv further asserts that the defenses do not satisfy the pleading standard under FRCP 8 and should be stricken. Babich counters that Rule 8 only requires that a party "affirmatively state any…affirmative defense." ECF No. 35, p. 14. The Court finds that it cannot definitively state that affirmative defenses Nineteen and Twenty are speculative or overly generalized. Dismissal of these affirmative defenses is premature at this stage of litigation and as such the Motion to strike as to affirmative defenses Nineteen and Twenty will be denied.

**IV.   Amendment**

Having found that Babich's Counterclaim fails to state a claim, the Court also must determine whether further amendment of the breach of contract claim would be futile. *See Hockenberry v. SCI Cambridge Springs/Pennsylvania Dep't of Corr.*, 2019 WL 2270345, at *3 (W.D. Pa. May 28, 2019) ("The U.S. Court of Appeals for Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile"). Viewing the facts in a light most favorable to Babich, the Court finds that further amendment would be futile. The basis for dismissal is that Babich failed to plead proper damages for breach of contract claim and the Court presumes that any injury suffered by Babich would have been apparent at the time of writing his Counterclaim, thus, the breach of contract claim is dismissed with prejudice.

11

## V.    Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 32) will be GRANTED in part and DENIED in part as follows:

- Ameriserv's Motion to Dismiss Babich's Counterclaim (ECF No. 26) is GRANTED with prejudice; and

- Ameriserv's Motion to Strike Babich's First and Fifth Affirmative Defenses (ECF No. 26) is GRANTED; and

- Ameriserv's Motion to Strike Babich's Fifteenth and Sixteenth Affirmative Defenses (ECF No. 26) is GRANTED; and

- Ameriserv's Motion to Strike Babich's Nineteenth and Twentieth Affirmative Defenses (ECF No. 26) is DENIED.

An appropriate Order will be entered.

Dated: May 3, 2024

Stephanie L. Haines
United States District Court Judge